IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

COLUMBIA RIVER TECHNOLOGIES 1, LLC,

          Plaintiff,

  v.

BLACKHAWK GROUP LLC, TIMOTHY A. CARNES,
COIN MINER, LLC,

          Defendants.

OPINION and ORDER

19-cv-385-jdp

---

Plaintiff Columbia River Technologies 1, LLC is suing defendants Blackhawk Group LLC, Timothy A. Carnes, and Coin Miner LLC, for failing to timely deliver Bitcoin mining equipment as promised. Columbia River asserts claims for breach of contract, unjust enrichment, and violations of the Washington Consumer Protection Act. The court may exercise jurisdiction under 28 U.S.C. § 1332 because Columbia River alleges that all of its members are citizens on Washington, the defendants are citizens of other states, and the defendants breached an agreement worth hundreds of thousands of dollars.[1]

Defendants Blackhawk and Carnes (Blackhawk's managing member) move to dismiss all of Columbia River's claims against them. Dkt. 22. (Coin Miner has not filed its own motion or joined the other defendants' motion.) Columbia River doesn't oppose the dismissal of its claims against Carnes for breach of contract and unjust enrichment, *see* Dkt. 33, at 22, so the court will grant the motion to dismiss as to those claims. The court will also dismiss the claim under the Washington Consumer Protection Act. Columbia River hasn't plausibly alleged that

---

[1] At summary judgment, Columbia River will have to adduce specific evidence of the citizenship of each party.

defendants' conduct implicates a public interest, which is one of the elements under the Act. But Columbia River has stated a claim against Blackhawk for breach of contract and unjust enrichment, so the court will allow those claims to proceed.

Defendant Blackhawk also moves for leave to deposit funds with the court. Dkt. 25. Because Blackhawk hasn't identified a useful purpose that the deposit would serve, the court will deny that motion.

ANALYSIS

A. Motion to dismiss

1. Breach of contract

Columbia River contends that Blackhawk breached its contract by failing to deliver Bitcoin mining equipment that Columbia River had ordered and paid for. Blackhawk doesn't deny that it sells such equipment or that it received payment for equipment that was to be delivered to Columbia River. But Blackhawk contends that Columbia River failed to adequately allege that it had an agreement with Blackhawk. Rather, Blackhawk says Columbia River has only alleged that it dealt with and paid Coin Miner, which then contracted separately with Blackhawk.

Both sides assume that Blackhawk can be held liable for violating a contract between Columbia River and Coin Miner, so long as Coin Miner was acting as Blackhawk's agent at the time. *See* 12 Richard A. Lord, *Williston on Contracts* § 35:34 (4th ed. 2012) ("[A] principal is bound by, and is liable on, a contract executed properly by its agent, within the actual or apparent authority of the agent, and with the understanding that the agent is contracting on behalf of the principal."). And Blackhawk acknowledges that Columbia River alleges multiple

2

times in its complaint that Coin Miner was acting as Blackhawk's agent, but Blackhawk contends that Columbia River hasn't adequately alleged an agency relationship between Blackhawk and Coin Miner.

The court of appeals has cautioned district courts against requiring plaintiffs to plead facts they can't be expected to know without discovery. *Olson v. Champaign Cty., Ill.*, 784 F.3d 1093, 1100 (7th Cir. 2015) ("Plaintiffs' pleading burden should be commensurate with the amount of information available to them."). And Columbia River doesn't have access to the internal agreements between Blackhawk and Coin Miner. At the pleading stage, it is reasonable to infer that Coin Miner was acting as Blackhawk's agent from Columbia River's allegations that Coin Miner: informed Columbia River about Blackhawk's equipment; represented that Blackhawk's equipment could be delivered promptly; touted Blackhawk's reputation and trustworthiness; and accepted payment on behalf of Blackhawk. Dkt. 1, ¶¶ 16–24. *See also* Dkt. 33, at 5 (Columbia River allege in its brief that it "made a payment to Blackhawk through Coin Miner").[2] These allegations are sufficient to give Blackhawk "fair notice of what the . . . claim is and the grounds upon which it rests" and include "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (summarizing federal pleading standard). If the facts show later that Blackhawk and Coin Miner didn't have an agency relationship and that Blackhawk didn't

---

[2] Blackhawk says that Columbia River can't supplement its complaint with allegations in its brief, but the court of appeals has repeatedly held the opposite. *See Smith v. Boyle*, 144 F.3d 1060, 1064–65 (7th Cir. 1998) ("A plaintiff is not held to the factual allegations of his complaint when he is faced with a motion to dismiss it for failure to state a claim. He can oppose the motion . . . with any factual allegations that are consistent with the allegations of the complaint."). *Accord Smith v. Dart,* 803 F.3d 304, 311 (7th Cir. 2015); *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997).

otherwise have a contract with Columbia River, Blackhawk may file a motion for summary judgment at the appropriate time.

### 2. Unjust enrichment

To establish a claim for unjust enrichment, the plaintiff must prove three things: (1) the plaintiff conferred a benefit upon the defendant; (2) the defendant had an appreciation or knowledge of the benefit; and (3) the defendant accepted or retained the benefit under circumstances making it inequitable for the defendant to retain the benefit without payment of its value. *Buckett v. Jante*, 2009 WI App 55, ¶ 10, 316 Wis. 2d 804, 812, 767 N.W.2d 376, 380. (For the purpose of the motion to dismiss, the parties assume that Wisconsin law governs the common-law claims.)

Blackhawk seeks dismissal of this claim on three grounds: (1) Columbia River hasn't alleged that it gave a benefit to Blackhawk; (2) Columbia River's claim for unjust enrichment is inconsistent with its breach of contract claim; and (3) Blackhawk hasn't retained a benefit because it has moved to deposit with the court the funds it received from Coin Miner for the equipment Columbia River ordered. The court rejects each of these contentions.

#### a. Direct benefit

Blackhawk doesn't deny that it received nearly $400,000 for the equipment that Columbia River ordered. Blackhawk's contention that it didn't receive a benefit from Columbia River rests on the allegation that Columbia River didn't pay Blackhawk directly. Rather, Columbia River paid Coin Miner, which then paid Blackhawk. But Blackhawk doesn't cite any authority in its opening brief for the proposition that an unjust enrichment claim is defeated if the benefit conferred by the plaintiff is passed through an intermediary before it reaches the defendant. In its opposition brief, Columbia River cites the *Restatement (Third) of Restitution*

*and Unjust Enrichment* § 48 (2011), which states: "If a third person makes a payment to the defendant to which (as between claimant and defendant) the claimant has a better legal or equitable right, the claimant is entitled to restitution from the defendant as necessary to prevent unjust enrichment." Columbia River also cites a nonprecedential decision in which the Wisconsin Court of Appeals held that "a court may find unjust enrichment when a benefit is provided to the defendant by a third party." *Crumble v. Johnson*, 2019 WI App 39, ¶ 17, 388 Wis. 2d 258, 932 N.W.2d 193.

In a footnote in its reply brief, Blackhawk cites two district court decisions that dismissed unjust enrichment claims in part because the benefit at issue was conferred by a third party rather than the plaintiff. *See Blitz v. Monsanto Co.,* 317 F. Supp. 3d 1042, 1056 (W.D. Wis. 2018); *Emirat AG v. High Point Printing LLC*, 248 F. Supp. 3d 911, 937 (E.D. Wis. 2017). But in both cases, the relationship between the plaintiff and defendant was significantly more remote than what Columbia River alleges in this case. For example, in *Blitz*, the plaintiff asserted an unjust enrichment claim against Monsanto for a product he purchased at Home Depot. And neither *Blitz* nor *Emirat* considered *Restatement* § 48 or reviewed Wisconsin law on the question of how "directly" the plaintiff must confer a benefit on the defendant.

Other than citing *Blitz* and *Emirat*, Blackhawk doesn't identify a basis for rejecting *Restatement* § 48 and *Crumble*, so it would be premature to dismiss the unjust enrichment claim on the ground that Columbia River didn't confer a benefit on defendants. Blackhawk is free to raise a more developed argument in a motion for summary judgment.

    b. **Alternative theories**

Blackhawk says that Columbia River can't assert claims for both breach of contract and unjust enrichment. It is true that Columbia River can't recover for both breach of contract and

5

unjust enrichment, but it is well established that Federal Rule of Civil Procedure 8(d)(2) and (3) allow a plaintiff to plead claims in the alternative, even if the claims are inconsistent. *See Blanchard & Assocs. v. Lupin Pharm., Inc.*, 900 F.3d 917, 921 (7th Cir. 2018); *Diamond Ctr., Inc. v. Leslie's Jewelry Mfg. Corp.*, 562 F. Supp. 2d 1009, 1017 (W.D. Wis. 2008). Blackhawk cites *Martin v. LG Elecs. USA, Inc.*, No. 14-CV-83-jdp, 2015 WL 1486517, at *8 (W.D. Wis. Mar. 31, 2015), for the contrary view, but it was undisputed in that case that the plaintiff's claim was covered by a warranty. Because the parties in this case dispute whether there is a contract that binds Blackhawk, *Martin* isn't instructive.

   c. **Motion to deposit funds**

The third element of its unjust enrichment claim requires Columbia River to show that Blackhawk has retained the benefit it received from Columbia River. Blackhawk says that Columbia River can't make that showing because it has moved for leave to deposit with the court the funds it received for the equipment that Columbia River ordered. The court will address in a separate section Blackhawk's motion to deposit funds with the court. But regardless how the court resolves that motion, Blackhawk cites no authority for the view that a party can avoid liability for unjust enrichment by offering to pay money into an escrow account after the plaintiff files a lawsuit. *See Wendell H. Stone Co., Inc. v. Metal Partners Rebar, LLC,* 318 F.R.D. 343, 347 (N.D. Ill. 2016) (motion to deposit entire amount sought by the plaintiff doesn't moot the plaintiff's claim). In any event, Blackhawk doesn't respond to Columbia River's argument that the money Blackhawk received for the original order isn't a proper measure of the benefit it received from Columbia River. Specifically, Columbia River say that when Blackhawk failed to deliver the first order, it was forced to submit a *second* order for the same mining equipment from Blackhawk and the price of that equipment was $230,000

more than the original order. Dkt. 15, ¶ 28. "Failure to respond to an argument . . . results in waiver," *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010), so the court will deny Blackhawk's motion to dismiss this claim.

### 3. Washington Consumer Protection Act

The Washington Consumer Protection Act prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW 19.86.020. Columbia River contends that it may invoke the Act because it is a citizen of Washington and that both Blackhawk and Carnes violated its rights under the Act by misleading them into believing that Blackhawk could deliver a timely product.

Washington courts have interpreted the Act as requiring a plaintiff to show that the defendant injured the plaintiff's business or property by committing an unfair or deceptive act or practice that occurred in trade or commerce and affected the public interest. *Panag v. Farmers Ins. Co. of Washington*, 204 P.3d 885, 889 (Wash. 2009). Defendants seek dismissal of this claim on multiple grounds, but the court need only consider one of them, which is that Columbia River hasn't alleged that defendants' conduct affected the public interest. *See Shugart v. GYPSY Official No. 251715, its Engines, Mach., Appurtenances*, No. 14-cv-1923RSM, 2015 WL 1965375, at *3 (W.D. Wash. May 1, 2015) ("[The] plaintiff must show that his lawsuit would serve the public interest by addressing acts or practices that are injurious to the public.").

An unfair or deceptive practice affects the public interest if it: (1) violates certain types of statutes related to the public interest (other than the Act itself); (2) injures other persons; or (3) has the capacity to injure a substantial portion of the public. RCW 19.086.93; *Segal Co. (E. States) v. Amazon.Com*, 280 F. Supp. 2d 1229, 1232–33 (W.D. Wash. 2003). In this case, Columbia River doesn't allege that defendants violated any statutes other than the Act itself

7

and it doesn't allege that anyone else was harmed by defendants' alleged conduct. And the Washington courts have held that, "[o]rdinarily, a breach of a private contract affecting no one but the parties to the contract is not an act or practice affecting the public interest." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 538 (Wash. 1986)

Columbia River contends that it is reasonable to infer that defendants similarly misled other customers, but Columbia River doesn't allege any facts to support that inference. In the cases they cite, the challenged conduct involved misleading language that was part of a standard contract issued by the defendant. *See Univ. of Washington v. Gov't Employees Ins. Co.*, 200 Wash. App. 455, 473, 404 P.3d 559, 569–70 (2017); *Potter v. Wilbur-Ellis Co.*, 62 Wash. App. 318, 327–28, 814 P.2d 670, 674–75 (1991). In cases in which the plaintiff failed to allege plausible facts that others had or will be harmed by the same conduct in the future, courts have dismissed claims under the Act for failure to state a claim upon which relief may be granted. *See, e.g., Shugart*, 2015 WL 1965375, at *3 ("As the circumstances alleged fail to indicate that Shugart's conduct extended in any way beyond the two parties to this service contract, the Court cannot infer a public interest impact and must therefore dismiss Defendants' CPA counterclaim on the pleadings."); *Segal Co.*, 280 F. Supp. 2d at 1234 (no public interest implicated for breach of contract claim when the plaintiff failed to support conclusory allegation that the defendant's solicitation of the plaintiff was part of a pattern or generalized course of conduct). So the court will dismiss this claim.

Alternatively, Columbia River asks for leave to replead the claim. But Columbia River doesn't identify any additional facts it could provide that would implicate a public interest. Because allowing Columbia River to file an amended complaint would be futile, the court denies this request. *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008) ("A district court need

8

not allow the filing of an amended complaint, even when no responsive pleading has been filed, if it is clear that the proposed amended complaint is deficient and would not survive a motion to dismiss.").

## B. Motion to deposit funds

Blackhawk seeks permission to deposit approximately $395,000 with the court. It says that it "received this money from Coin Miner, LLC in connection with a transaction that did not materialize. Blackhawk Group LLC has no claim to this money, but, due to the nature of the transaction and the claims in this litigation, it is not certain who should receive the money." Dkt. 25. In its opposition brief, Columbia River asks the court to deny Blackhawk's motion "and instead direct Blackhawk to pay the funds to" Columbia River. Dkt. 30.

Blackhawk cites no authority for its motion to deposit funds with the court. Federal Rule of Civil Procedure 67 permits a court to accept funds under certain circumstances, but it is a discretionary decision. *See Maher Eng'g Co. v. Screwmatics of S.C., Inc.,* No. 14 CV 3761, 2014 WL 4979167, at *1 (N.D. Ill. Oct. 6, 2014) (St. Eve, J.) (citing cases). And it appears that Blackhawk's only purpose in filing the motion is to obtain dismissal from the case. But the court has already determined that returning the payment from the original order wouldn't resolve Columbia River's claims against Blackhawk because Columbia River seeks additional damages. So depositing the funds with the court would accomplish little. *See* 12 Charles Alan Wright and Arthur Miller, *Fed. Prac. & Proc. Civ.* § 2991 (3d ed.) ("[L]eave to make the deposit will be refused if no purpose would be served by it."); *Jarzyna v. Home Properties, L.P.*, 201 F. Supp. 3d 650, 656 (E.D. Pa. 2016) (denying Rule 67 when the "proposed deposit would not afford Plaintiff complete relief").

9

Like Blackhawk, Columbia River doesn't cite any authority for the view that the court can simply direct Blackhawk to pay Columbia River before Columbia River's claims are resolved. So the court will deny both sides' requests. If the parties agree that Columbia River is entitled to the money, Blackhawk is free to pay Columbia River directly.

ORDER

IT IS ORDERED that

1. The motion to dismiss filed by defendants Blackhawk Group LLC and Timothy Carnes, Dkt. 22, is GRANTED as to: (1) Columbia River Technologies 1, LLC's claims against Carnes for breach of contract and unjust enrichment; and (2) Columbia River's claim against Blackhawk and Carnes for violating the Wisconsin Consumer Protection Act. The motion is DENIED in all other respects.

2. Defendant Carnes is DISMISSED from the case.

3. Defendant Blackhawk's motion to deposit funds with the court, Dkt. 25, is DENIED.

Entered October 1, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge