IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

COLUMBIA RIVER TECHNOLOGIES 1, LLC,

              Plaintiff,

v.                                                   OPINION and ORDER

BLACKHAWK GROUP LLC, TIMOTHY A. CARNES,         19-cv-385-jdp
COIN MINER, LLC,

              Defendants.

---

      Plaintiff Columbia River Technologies 1, LLC is suing defendants Blackhawk Group LLC, Timothy A. Carnes, and Coin Miner LLC, for failing to timely deliver Bitcoin mining equipment as promised. Now Columbia River has filed a motion for a writ of attachment under Federal Rule of Civil Procedure 64 and Wis. Stat. § 811.03(1)(b). Dkt. 46. Specifically, Columbia River asks the court to seize $395,655 from defendant Blackhawk as a provisional remedy on its claims against Blackhawk for breach of contract and unjust enrichment.

      Under Federal Rule of Civil Procedure 64, parties suing in federal court may rely on the law of the forum state to obtain provisional remedies. To obtain relief under § 811.03(1)(b), Columbia River must submit an affidavit setting forth "specific factual allegations" showing several things, but the court need only consider one of those, which is that Blackhawk is disposing of funds "with intent to defraud [its] creditors." § 811.03(1)(b). Columbia River hasn't made that showing. It submits the affidavit of its paralegal, who says that Blackhawk's bank statements show that it has been transferring money in and out of its accounts. Dkt. 51. But Columbia River fails to explain how that shows an attempt to commit fraud or conceal assets. Blackhawk isn't required to freeze its accounts while this lawsuit is pending.

And Columbia River hasn't shown that Blackhawk will be unable to pay a judgment in the event that Columbia River prevails in this case. Afterall, Blackhawk already offered to pay $395,655 to the court while the lawsuit is pending, Dkt. 25, a request that Columbia River opposed. In the absence of any evidence that Blackhawk is hiding assets or transferring funds for an illegitimate purpose, the court declines to issue a writ a under § 811.03.

As this court has observed before, a writ under § 811.03 is "extraordinary equitable relief." *GQ Sand LLC v. Conley Bulk Servs., LLC*, No. 15-cv-152-wmc, 2016 WL 8504778, at *3 (W.D. Wis. Mar. 11, 2016). The court is not persuaded that such extraordinary relief is appropriate at this time. If Columbia River believes that it can show that Blackhawk is liable for breach of contract or unjust enrichment, Columbia River may file a motion for summary judgment.

ORDER

IT IS ORDERED that plaintiff Colombia River Technologies 1 LLC's motion for a writ of attachment, Dkt. 46, is DENIED.

Entered February 21, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge